NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANDEEP MOHAMAD,

               Petitioner,

   v.

MERRICK B. GARLAND, Attorney General,

               Respondent.

No.   20-71105

Agency No. A208-276-492

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 16, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and BRESS and BUMATAY, Circuit Judges.

Petitioner Sandeep Mohamad, a citizen of India, seeks review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ")

denial of asylum, withholding of removal, and protection under the Convention

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and "review

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

factual findings, including adverse credibility determinations, for substantial evidence." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We deny the petition.

1. Substantial evidence supports the IJ's adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) ("[O]nly the most extraordinary circumstances will justify overturning [the IJ's] adverse credibility determination." (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005))). An IJ's credibility findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021) (quoting 8 U.S.C. § 1252(b)(4)(B)). No evidence in the record "compel[s]" a contrary conclusion here. *Id.*

An IJ "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Rizk v. Holder*, 629 F.3d 1083, 1087–88 (9th Cir. 2011) (quoting *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir. 1994)). Here, the BIA affirmed the IJ's identification of numerous inconsistencies in Petitioner's testimony that undermined his credibility.

First, Petitioner gave conflicting testimony about who threatened his family in 2016 after he had left India. In his declaration, Petitioner stated six times that his family was threatened by members of "Shiv Sena," a Hindu nationalist political party in India. During his testimony, however, Petitioner stated that his family was

2

threatened by the "RSS" and the "police." When asked if anyone else threatened his family, he replied, "no." When confronted with this inconsistency, Petitioner claimed to not know what Shiv Sena is or why he identified them in his declaration, and he claimed to only know two parties in India: the BJP and RSS. He also suggested that Shiv Sena was the same as the RSS, which belied his assertion that he did not what Shiv Sena was. Further, the IJ found this explanation inconsistent with Petitioner's own documentary evidence, which showed that Shiv Sena was a distinct political party from RSS (although they sometimes were allied).

Additionally, Petitioner gave conflicting testimony regarding the first time he went to the police. In both his declaration and his testimony, Petitioner claimed he first contacted the police in January 2015, after he was beaten at his home by RSS members. But later during direct examination, Petitioner stated that he first went to the police for a November 2014 incident. When the IJ later pressed Petitioner on this inconsistency, he said that he made a "mistake" and did not visit the police in November 2014. In addition, during both his direct and cross examination, Petitioner testified that he first went to the police in January 2005. After being prompted, Petitioner clarified that he misspoke and meant to say 2015, rather than 2005. It was not unreasonable for the IJ to find Petitioner not credible after he repeatedly misidentified both the date and circumstances in which he first contacted police. *See Shrestha*, 590 F.3d at 1047 ("[Petitioner's] inability to consistently

3

describe the underlying events that gave rise to his fear was an important factor that could be relied upon by the IJ in making an adverse credibility determination.").

The BIA affirmed the IJ's rejection of Petitioner's explanations for these inconsistencies.[1] And "the record does not compel the finding that the IJ's unwillingness to believe this explanation . . . was erroneous," especially "in light of the importance of [these] incidents to [Petitioner's] asylum claim." *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).

2. Due to the adverse credibility determination and the insufficiency of corroborating evidence, Petitioner's asylum and withholding claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

3. For the same reasons, substantial evidence also supports the denial of Petitioner's claim for relief under CAT. Petitioner's CAT claim was based "on the same statements . . . that the BIA determined to be not credible." *Farah*, 348 F.3d at 1157. And no other evidence in the record compels a contrary finding. *Id.* at

---

[1] Furthermore, the IJ pointed out that Petitioner omitted from his declaration an earlier attempt to enter the United States in March 2015. Petitioner's former counsel accepted responsibility for the omission. Even if we do not consider this omission in his adverse credibility determination, the other inconsistencies highlighted by the IJ support an adverse credibility determination. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) ("Major inconsistencies on issues material to the alien's claim of persecution constitute substantial evidence supporting an adverse credibility determination." (quoting *Rizk*, 629 F.3d at 1088)).

1156. As a result, the adverse credibility finding also supports denial of CAT relief. *See Shrestha*, 590 F.3d at 1048–49.

**DENIED**.